IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALMA LASER, INC. | § | |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| | § | C.A. No. 1:23-CV-14604 |
| AMRIT THANDI | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT AMRIT THANDI'S MOTION TO DISMISS PURSUANT TO RULE 12(b), 12(b)(3), OR, IN THE ALTERNATIVE, MOTION TO TRANSFER DUE TO IMPROPER VENUE UNDER AND BRIEF IN SUPPORT**

**TO THE HONORABLE COURT**:

Defendant Dr. Amrit Thandi files this Motion to Dismiss Pursuant to Rule 12(b)(3), or in the Alternative, Motion to Transfer and Brief in Support (the "Motion") as and moves this Court to dismiss this case for the reasons set forth herein or in the alternative to transfer the case to the U.S. Southern District Court of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a) or 1406. This Motion is based on § 1404(a) recognizing that In re Atlantic Marine Constr. Co., 701 F.3d 736, 741 (5th Cir. 2012) may require analysis under § 1404(a) rather than Rule 12(b)(3). With In re Atlantic appeared to have resolved a circuit conflict on whether to

treat a motion based on a forum selection clause under § 1404(a) or Rule 12(b)(3), Defendant did not want to waive its Rule 12(b)(3) Motion and accordingly brings it herein.

In support of this Motion, Dr. Amrit Thandi relies upon the affidavit attached hereto and would further show as follows:

## I. STATEMENT OF THE CASE AND SUMMARY OF THE MOTION

Plaintiff, through a Texas authorized representative, offered a Ted Machine for Dr. Amrit Thandi to purchase. Dr. Amrit Thandi could not commit to purchasing the single Ted Machine due to lack of funds, so the parties agreed that she would pay the deposit of $21,400 and if she could not get financing then the deposit would be refunded. (See Plaintiff's Exhibit "A") Dr. Amrit Thandi could not get financing. (See Defendant's Exhibit "1-6") Financing was not obtained, Plaintiff's sales representative was notified and still delivered the Ted Machine, along with another unknown machine not part of any Quotation/Purchase Order. Jagjit Thandi, office manager for Amrit Thandi MD PA called and informed the San Antonio Texas sales representative Michael McKinney. There is no agreement as the Defendant was not able to obtain the agreed upon financing. Plaintiff has failed to return the initial refundable deposit of $21,400.00.

Additionally, this is a case filed for breach of contract based upon Illinois law when the contract was negotiated in and attempted to be executed in Texas. The law applicable to the contract would be the Texas Civil Remedies Code, including whether or not there is even an existing contract. The application of the law and the interpretation of the law varies from

State to State. Further, this lawsuit is regarding a contingent Quotation/purchase order that is premised on Defendant Dr. Amrit Thandi's ability to find financing for the machines. The contract, witnesses, and agreement, along with the product were in the State of Texas and as such Texas law would be controlling on the interpretation. Further, the Defendant Dr. Amrit Thandi has no contact with the State of Illinois that would afford personal jurisdiction over her.

The Plaintiff's Quotation/Purchase Order cites Illinois as the location for the jurisdiction and forum selection clauses that mandate Chicago, Illinois as the forum as well as the application of the laws of the State of Illinois. Not one of the facts, occurrences, and/or events took place in, around or in connection with Chicago, Illinois. Accordingly, based on Federal Rule of Civil Procedure 12(b)(3), dismissal of this action is required. Alternatively, transfer to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a) would also be appropriate.

## II. STATEMENT OF THE FACTS

1. Dr. Thandi is incorporated as Amrit Thandi MD PA. The corporation is doing business as North Cypress Family Practice, having duly filed an Assumed Name Record for certificate of Ownership for Incorporated Business or Profession on or about April 24, 2019. (See Defendant's Exhibits "4 and 5")

2. Defendant Dr. Amrit Thandi did receive a quotation/purchase order for one of Plaintiff Alma's machines, Ted System which could only be purchased if the Defendant was able to obtain financing. (See Plaintiff's Exhibit "A")

3. Plaintiff's salesperson, located in Houston, Texas, approached Dr. Amrit Thandi. The local Alma salesman met with Dr. Amrit Thandi and Major "Jagjit" Thandi at the Champion office location at 6810 FM 1960 Rd W, Houston, Texas 77069 on or about November 6, 2022. (See Defendant's Exhibits "1-6")

4. Dr. Amrit Thandi already owned one of the machines, but it was not working. It was agreed if that one could be fixed, then there was only one machine that was to be purchased. Plaintiff's repair personnel were able to fix the machine before November 6, 2022. Only one machine was negotiated and referenced in Plaintiff's "Exhibit A" Quotation/Purchase Order.

5. The contingent agreement to purchase one of the machines was negotiated between Jagjit "Major" Thandi, Dr. Amrit Thandi, and the San Antonion, Texas sales representative Michael McKinney at the local offices located at 6810 FM 1960 Rd W, Houston, Texas 77069. Defendant did not have the funds to purchase the machine, but if she was able to obtain bank approval for her requested loan, then she would purchase the one machine, thus the agreed upon contingency in the Quotation/Purchase Order. If she could not obtain bank approval for her requested loan, then she would be refunded her deposit of $21,400.00.

6. The conditional purchase order attached to Plaintiff's complaint as Exhibit "A" shows the "1" next the quantity. Plaintiff has also attached an Invoice, Invoice No. INV-INC107719, dated December 22, 2022, showing an Order total of $82,150.00, deposit of $21,400.00 and a balance due of $67,527.38. The invoice that has the same Ted System listed in the Quotation/Purchase Order listed as Plaintiff's Exhibit "A" to the Complaint. The agreement further clearly states and is initialed by "A.T.", that "deposit is refundable if bank approval not obtained." If "reasonable" financing, as agreed to between the parties could not be secured then the security deposit was to be returned in full and that would terminate the purchase agreement. Defendant Dr. Amrit Thandi was not able to obtain the financing and under the terms of the agreement the contract was not going to be entered in to. Bank approval was not obtained within the parameters necessary to be able to afford the loan. The security deposit was to be returned. (See Defendant's Exhibits "1, 2, 3, and 6")

7. The Plaintiff was told by Defendant that the machine was not able to be purchased due to the lack of bank approval for her requested loan within days of the quotation/purchase order. Major "Jagjit" Thandi notified Defendant's Area Sales Manager, Michael McKinney who is in San Antonio, Texas that financing was not able to be obtained. (See Defendant's Exhibits "1-6")

8. After the financing failed and Plaintiff was notified, Defendant's business was called on the cell phone of Dr. Christine Sephton regarding delivery on or about Thursday December 22, 2022. Bearing in mind, Dr. Christine Sephton was not a part of the

negotiations, she was unaware of the failed financing, nor the terms of the purchase order. Defendant Dr. Amrit Thandi was not contacted about the delivery. Plaintiff demanded that Defendant take possession of a delivery at Dr. Amrit Thandi's Champion Office located at 6810 FM 1960 1960 Rd W, Houston, TX 77069 by the Alma Marketing woman who resides in Texas. (See Defendant's Exhibit "1-6")

9. Defendant Dr. Amrit Thandi was unaware of the delivery and was never informed. The Alma local Houston Texas Marketing woman arrived at the delivery location to meet with Dr. Christine Sephton. The delivery was not scheduled, nor was it planned and agreed to by Defendant Dr. Amrit Thandi. (See Defendant's Exhibits 1 and 3)

10. The Alma Marketing woman assured Dr. Christine Sephton that Dr. Amrit Thandi was aware of the delivery, and that she was to merely just accept possession. Further none of the additional items that were listed on the Quotation/Purchase Order to be included with the Ted System have ever been delivered. The values are unknown as the contingent agreement was based upon loan approval which did not occur.

11. Plaintiff did drop off, without Dr Amrit Thandi's knowledge or consent, a Soprano Titanium System that was not ordered nor discussed between the parties. Defendant immediately requested that the machine be removed and that they never did request, discuss, or even order a Soprano Titanium System. Additionally, they did not obtain financing for the TED system. Plaintiff requested that Defendant make several attempts to refinance and Dr. Thandi did but did not get approval. Defendant requested repeatedly that

Plaintiff pick up the machine. Plaintiff refuses to pick up the machines. (See Defendant's Exhibit "3")

12. Defendant is entitled to a refund of her deposit as she did not receive bank approval as was the agreement. (See Defendant's Exhibits 2, 3 and 6)

### III. MOTION TO DISMISS PURSUANT TO FEDERAL RULE Rule 12 (b)

#### A. Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal of claims for improper venue.

FED. R. CIV. P. 12(b)(3); see *also,* FED. R. CIV. P. 41(b). District courts also have the authority to dismiss or transfer actions for improper venue pursuant to 28 U.S.C. § 1406(a), which provides the following:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

The courts in the Fifth Circuit have consistently held, since 2005, that Rule 12(b)(3) serves as a "proper method for seeking dismissal based on the forum selection clause…" Lim v. Off-Shore Specialty Fabricators, Inc., 404 F.3d 898, 902 (5th Cir. 2005), cert. denied, 126 S. Ct. 365 (2005); see *Krause v. Chippas*, Civil Action No. 3:07-CV-0615, 2007 U.S. Dist. LEXIS 94989* 8 (N.D. Tex. 2007) (stating that "In this circuit, a motion to dismiss pursuant to a forum selection clause is also treated as a 12(b)(3) motion"). However, *In re* Atlantic, supra, may qualify the availability of Rule 12(b)(3).

The case should be dismissed as all witnesses, transactions, including bank loan applications, took place in Harris County, Texas. There will be no witnesses under the jurisdiction of Illinois subpoena power, or within their jurisdiction. This will create an undo burden and unjust to Dr. Amrit Thandi. (See Defendant's Exhibit "1")

Additionally, the wrong party is named in the lawsuit. Dr. Amrith Thandi is incorporated under Amrit Thandi MD PA. (See Defendant's Exhibits "5") That is the entity that runs North Cypress Family Practice. (See Defendant's Exhibit "4") The Plaintiff sued the wrong party in this case. The case should be dismissed in its entirety.

    **B.**     **Standard For Dismissal for Failure to State a Claim upon Which Relief Can Be Granted**

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

It must assert a plausible claim and it must set forth sufficient factual allegations to support the claim. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, at 1949-50 (citing Twombly, 550 U.S. 554); see also <u>Frith v. Guardian Life Ins. Co. of Am</u>., 9F.Supp. 2d 734, 737-8 (S.D.Tx. 1998_ (Explaining that dismissal can be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory). There is a quotation/purchase order that has a contingency of which the financing was able to be obtained. Further, the Plaintiff has an invoice for another machine that is not listed in the

Quotation/Purchase Order. There are no facts upon which the Plaintiff can recover for the funds in the Quotation/Purchase Order. Plaintiff's petition should be dismissed.

In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, at 560-561 (2007), the Supreme Court clearly rejected the standard set forth under <u>Conley v. Gibson</u> 355 U.S. 41, 45-46 (1957) regarding the Rule 12(b)(6) standard which had been applied in all cased when such motion is filed. Plaintiff's pleadings are no longer satisfied by "an unadorned the defendant unlawfully harmed me accusation". <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twonbly </u>550 U.S. at 555) Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertion [of fat] devoid of further factual enhancement is sufficient to withstand dismissal." Id.

To satisfy the new standerd under <u>Twombly</u> and <u>Iqbal</u>, "a complaint must contain sufficient factual matter accepted a true, to 'state a claim to relief that is plausible on its fact.'" Id. (Citing Twombly 550 U.S. at 560). A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable interference that the defendant is liable under the alleged claim. Id. (citing Twombly, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to assumption of truth."  Id at 1950.  Therefore, as the allegations of Plaintiff are  not merely "conclusory", they are assumed to be true" Id. Even if the Court decides that the factual allegations are entitled to an assumption of truth, however, the facts in this case also provide enough to "plausibly suggest and entitlement to relief."  Id., at 1951.

There are no facts in the complaint to show that the Defendant is responsible to the Plaintiff to purchase and pay for any equipment, much less the Soprano Titanium system listed in Exhibit "B" that is nowhere in the Quotation/Purchase Order. The Plaintiff has attached conflicting invoices with a Quotation/Purchase Order that is contingent upon Defendant obtaining bank approval for a loan. There are no facts upon which a claim for breach of contact can support. The Court in <u>Twombly</u> and <u>Iqbalm</u>, Supra, all but abandoned the liberal "notice pleading" standard or the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), abrogated by <u>Twombly</u>, 550 U.S. 554 (2007). <u>See Iqbal</u>, 556 U.S. at 678-79; <u>Twombly</u>, 550 U.S. at 554-56. Plaintiff must affirmatively file a complaint that <u>*must state a claim*</u> that is "plausible on its face," thus setting a high bar for the Plaintiff who is seeking relief in federal court. See, <u>Twombly</u>, 550 U.S. at 570 This standard, the plausibility standard, proves particularly difficult in the Plaintiff's claim as the only document signed by the Defendant is a "Quotation/Purchase Order" that is contingent upon bank approved financing. There are no facts to show that the financing was approved, and the parties now have a contractual agreement.

The Supreme Court set forth an evidentiary burden-shifting in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). According to the McDonnell Douglas standard, the Plaintiff has the burden to establish a prima facie case of breach of contract. In order to prevail on a breach of contract claim, a plaintiff must establish: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract

by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist] 2001, no pet.); see also *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir.2003); *Henderson-Smith & Assocs., Inc. v. Nahamani Family Serv. Ctr.*, 323 Ill.App.3d 15, 256 Ill.Dec. 488, 752 N.E.2d 33, 43 (2001). Plaintiff cannot establish this, as there is no bank approved loan for the equipment. Defendant is entitled to a refund of her deposit in the amount of $21,400 per the Quotation/Purchase Order.

To satisfy the new standard under Twombly and Iqbal, " a complaint must contain sufficient factual matter accepted as true, to 'state a claim for relief that is plausible on its fact'". Id. (Citing Twombly , 550 US. at 570). A claim has facial plausibility when Plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (Citing *Twombly* , 550 US. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id* at 1950.Therefore, if allegations are merely "conclusory", they are "not entitled to be assumed true" *Id*. Even if a court decides that the factual allegations are entitled to an assumption of truth; however, the facts must also "plausibly suggest an entitlement to relieve." Id, at 1951. There is nothing in the petition that suggests an entitlement to relief. Petitioner has no contract between the parties and further, the only document signed by the Defendant is Exhibit A, the Quotation/Purchase Agreement. This agreement is for one Ted System and

makes no mention of a Soprano Titanium System of which they are suing. There are no facts supporting Plaintiff's claim and/or cause of action.

Lastly, all witnesses, transactions, including bank loan applications, took place in Harris County, Texas. There will be no witnesses under the jurisdiction of Illinois subpoena power, or within their jurisdiction. This will create an undo burden and unjust to Dr. Amrit Thandi.

### IV.  MOTION TO TRANSFER PURSUANT TO 28 U.S. C. § 1404

Federal law also allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a). Therefore, when a forum selection clause provides for a different federal forum, a motion to transfer under 28 U.S.C. § 1404(a) may be the proper procedural mechanism for enforcing the clause if dismissal through Rule 12(b)(3) is not the proper mechanism. *In re* Atlantic Marine Constr. Co., 701 F.3d at 739.

When a court examines a motion under § 1404(a), it must engage in a two-part analysis. First, it must determine whether the judicial district to which the defendant is seeking to transfer the case is a district in which the claim could have originally been filed. *In re* Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). If the answer is "yes" and that criteria is satisfied, then the court must then weigh a series of non-exhaustive private and public interest factors, none of which is given dispositive weight. *In re* Volkswagen of Am., Inc., 545

F.3d, 304, 315 (5th Cir. 2008). That said, the presence of a forum selection clause is a "significant factor that figures centrally in the district court's calculus." LeBlanc v. C.R. England, Inc., 2013 WL 4463366, at *8 (N.D. Tex. Aug. 13, 2013) (citing Stewart Org, Inc. v. Ricoh Corp., 487 U.S. 22 (1988)). In the instant case, Dr. Amrit Thandi can satisfy all of these criteria.

### A. Plaintiff's Claim Could Have Originally Been Filed In The U.S. District Court For The Southern District Of Texas, Houston Division wherein all the witnesses reside.

At the outset, this action could have initially been filed in the U.S. District Court for the Southern District of Texas. An action may be brought in any judicial district where: (1) the defendant resides; or (2) a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1)-(2). In the above entitled and numbered cause, both requirements are satisfied. Dr. Amrit Thandi resides in Harris County, Texas, all witnesses reside in or work in Harris County, Texas, but also all of the events related to conditional agreement of the parties took place in Harris County, Texas. (Dr. Septhon Affidavit). Accordingly, this action could have originally been filed the U.S. District Court for the Southern District of Texas. There are no witnesses in Illinois, nothing related to the facts, issues or allegations that occurred in Illinois. The requires of 28 U.S.C. § 1391 cannot be satisfied in a filing in the Northern District of Illinois. It would be an injustice to allow the case to proceed forward due to the fact that all witnesses, and occurrences happened in Harris County Texas.

### B. Application of 28 U.S.C. § 1391 Supports a Transfer.

The facts of this case make it clear that the Southern District of Texas is a more convenient forum for litigation than the Northern District of Illinois, Eastern Division. First, all witnesses, including but not limited to Plaintiff's salesperson, delivery persons and all others involved in the conditional agreement reside in and work in Harris County, Texas. Second, Defendant Dr. Amrit Thandi, her staff, Major "Jagjit" Thandi, and Dr. Christine Sephton all reside in and work in Harris County, Texas, as do all of their staff which could be witnesses to the facts in this complaint. (See Dr. Sephton's Affidavit). Third, the cost of obtaining attendance at trial of Dr. Amrit Thandi's numerous Harris County Texas witnesses will be great. Defendant Dr. Amrit Thandi would need to pay for airfare, hotel, food and car rental and any other related expenses for each of the witnesses. These costs do not include the expenses for the salesperson and the delivery driver's attendance at trial. There are no witnesses in the State of Illinois. As a result, the cost of obtaining the attendance of willing witnesses to appear in Texas, along with the fact that there are no witnesses who reside in the State of Illinois, also weighs in favor of transfer to Texas.

The second private interest factor provided by the 5th Circuit Court of appeals in the Vasquez v. El Paso II Enters., LLC, 912 F. Supp.2d 445, 451 (W.D. Tex. 2012) decision is "the availability of compulsory process to secure the attendance of witnesses." See *Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir.2008). In this case, the only witnesses identified reside in Harris County, Texas.( See Affidavit of Dr. Christine Sephton). These witnesses are non-party witnesses. Pursuant to the Federal Rules of Civil Procedure, a federal court has absolute subpoena power—that is, to compel attendance at deposition and trial—over **non-party**

*witnesses* who reside in the same district as the court. *See*Fed.R.Civ.P. 45(b)–(c); *Volkswagen,* 545 F.3d at 316; *In re Hoffmann–La Roche Inc.,* 587 F.3d 1333, 1338 (Fed.Cir.2009) (interpreting *Volkswagen* and defining absolute subpoena power as the power to compel attendance at deposition and trial). The Northern District of Illinois does not have this power of residents of Harris County, Texas. It is proper to transfer this case to the Southern District of Texas, Houston Division.

### C. The forum selected in the "Order" is not enforceable

#### 1. A Contractual Forum section Clause agreed to has no bearing on whether the venue is proper

Whether or not the Northern District of Illinois is the wrong or improper venue depends exclusively on whether the court in which the suit is filed satisfies federal venue law and has no bearing on whether or not it is agreed to venue for the parties. For venue to be proper the suit must be brought in a district where any of the following is true:

- One of the defendants is a resident, if all of the defendants reside in the same state, of which the Defendant does not reside in the State of Illinois.
- A substantial part of the events giving rise to the claim occurred there, of which none.
- Any of the defendants are subject to the court's personal jurisdiction, of which the Defendant is not subject to the court's personal jurisdiction.

(*28 U.S.C. § 1391.*)

A contractual forum selection clause agreed in a supply order form has no bearing on whether a venue is proper. This Quotation/Purchase Order was not a negotiated contract but rather an order statement. It is a quote of the items to be purchased at a price with a stipulation that if financing cannot be obtained money will be refunded. This is not a contract. Both the doctrine of forum non convenience and § 1404(a) require the court to conduct a balancing-of-interests analysis to determine whether the court should enforce the forum-selection clause. <u>Atlantic Maritime Construction v. United States District Court</u>, 571 U.S. 49 (2013). Defendants have no contact with the State of Illinois, nor did any of the occurrences happen in or are connected to Illinois. Plaintiff is a corporation doing business in the State of Texas, availing them to the laws of the State of Texas.

2. ***The forum selection in the Quotation/Purchase Order is not valid Contract.***

The first step for this court is to determine the validity of the forum-selection clause between the parties and its scope. See <u>Cline v. Carnival Corp</u>., 2014 WL 550738, at *2 (N.D. Tex. Feb. 12, 2014) ("[T]he Court must first determine whether the forum selection clause is valid and enforceable under applicable contract law, and assuming it is, the Court must next evaluate whether to enforce the clause under Atlantic Marine's analytical framework."). The purchase order that the Plaintiff is stating is a contract, is a contingent supply order. It is not a contract between the parties, and it is not a final and binding agreement. This quotation/purchase order selected the jurisdiction of Chicago Illinois as the jurisdiction for any disputes. The validity question should be addressed first, because if the forum-selection

clause at issue is invalid then there is likely no reason to enforce it. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 35 (1988) (Scalia, J., dissenting) Both Justice Scalia's dissent in Stewart and the Supreme Court's opinion in Atlantic Marine support this proposition. Id. The Court's analysis in Atlantic Marine presupposed a valid forum-selection clause. In this case, the forum selection paragraph in the Quotation/Purchase Order is invalid. There is no reason for the Court to alter the typical § 1404(a) analysis. *Atl. Marine*, No. 12-929, slip op. at 11 n.5 ("Our analysis presupposes a contractually valid forum-selection clause." (emphasis added)).

## V. ATTORNEY'S FEES

Defendant has incurred attorney's fees of $5,500 and is requesting reimbursement of the same. See attached declaration of Attorney's fees.

## VI. CONCLUSION

This a Quotation/Purchase Order that is not a negotiate document but a quotation for the purchase of a product that contained contingencies. It is not a contract. Therefore, the case should be dismissed for the reasons therein or in the alternative transferred to the Southern District of Texas.

Wherefore, Defendant prays that the above entitled and numbered complaint be dismissed according to Federal Rule of Civil Procedure 12b and for whatever further the Court deems just and proper in the premises.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: /s/ ***Colleen M. McClure***
Colleen M. McClure
SBN: 24012121
6046 FM 2920, #425
Spring, Texas 77379
Telephone: (281) 440-1625
Facsimile: (281) 946-5627
colleen.mcclure@att.net
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE AND CONFERENCE

I certify that December 20, 2023 a true and correct copy of the above motion was served to opposing counsel by efiling. A true and correct copy of the foregoing was emailed to opposing counsel for comment and if he was in agreement to the same.

*/s/ Colleen M. McClure*
Colleen M. McClure