UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALMA LASERS, INC.,

    Plaintiff,

  v.

AMRIT THANDI,

    Defendant.

No. 23 CV 14604

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Defendant Amrit Thandi ordered, and paid a deposit on, medical equipment from plaintiff Alma Lasers, Inc. with the caveat that she needed to receive bank financing for the purchase. Alma Lasers brings this lawsuit for breach of contract, alleging that despite delivering the medical equipment, Thandi never paid the remaining balance. Thandi moves to dismiss this case under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(3) for improper venue. In the alternative, she moves to transfer venue under 28 U.S.C. § 1404.

I.   Facts

Plaintiff Alma Lasers, Inc. agreed to sell medical equipment and associated services for $214,000 to defendant Amrit Thandi's medical practice, North Cypress Family Practice. [1] ¶ 1; [1] at 7–9.[1] Thandi signed a Quotation/Purchase Order as

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [1] ¶ 1. The facts are taken from plaintiff's complaint, [1].

the "Authorized Customer" and put her title as "MD/Owner." [1] at 7. The order listed the medical equipment purchased as a "Ted System" and a "Soprano Titanium." *Id.*

The order provided that Illinois law would govern and construe the contract. [1] at 9. It also contained a forum-selection clause "consent[ing] to the exclusive jurisdiction and venue of the state and federal courts located in Chicago, Illinois, U.S.A. for the resolution of any disputes between [the parties] pertaining to this Order." *Id.* Thandi "waive[d] the right to contest the jurisdiction and venue of said courts." *Id.*

Thandi paid Alma Lasers a downpayment of $21,400. [1] ¶ 18. Alma Lasers subsequently invoiced Thandi for the balance, due in January 2023. [1] ¶ 19; [1] at 10–13. It shipped and delivered the medical equipment in December 2022. [1] ¶ 23–24. Thandi has retained and used the equipment since that time. [1] ¶ 25. She has not paid the outstanding balance. [1] ¶ 26.

II.  Analysis

   A.  **Motions to Strike**

Thandi attached multiple documents to her motion to dismiss, including three affidavits, a financing determination letter, and public records regarding her corporation and LLC. [8-1]–[8-6]. Alma Lasers moves to strike these exhibits, arguing that I cannot consider evidence outside of the complaint on a Rule 12(b)(6) motion. [13] ¶¶ 2–4 (citing *Jacobs v. City of Chicago*, 215 F.3d 758, 765–66 (7th Cir. 2000)).

There is a "narrow exception" to the general rule that when additional evidence is attached a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents

2

attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). A court may consider "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). This narrow exception is aimed at cases interpreting contracts. *188 LLC*, 300 F.3d at 735 (permitting consideration of document that defendant alleged was incorporated in the contested contract, but not attached to the complaint). The affidavits and financing determination letter cannot be considered integral to the complaint, nor are they referenced in it. I do not consider them on this motion.

Thandi asks that I take judicial notice of two public records—a Harris County "Assumed Name Records Certification" and a "Certificate of Formation Professional Limited Liability Company" filed with the Texas Secretary of State. [16] ¶ 3; [8-4]–[8-5]. A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thandi argues that because these documents are public records, they are undisputedly accurate. [16] ¶ 3. But while courts may take judicial notice of matters of public record, they cannot take judicial notice of underlying facts that may be subject to reasonable dispute. *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018). Thandi submits the "Assumed Name Records Certificate" to show that North Cypress Family Practice was an assumed name of her corporation, Amrit Thandi MD P.A. as of April

3

2019. [8-4]. But Alma Lasers submits contradictory evidence showing that Amrit Thandi MD P.A. has no assumed names. [14] at 29 (screenshot of Texas Secretary of State business organizations inquiry website). "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Tobey*, 890 F.3d at 649 (quotation omitted). Considering the contradictory documents, the facts in the certificate are not proper subjects of judicial notice. *See id.*

Alma Lasers does not challenge the accuracy of the "Certificate of Formation Professional Limited Liability Company." I take judicial notice of the document to the extent that it shows Thandi filed the certificate with the Texas Secretary of State in November 2022. [8-5].[2]

Thandi also moves to strike several exhibits that Alma Lasers attaches to its response brief. [17] at 1–3. In evaluating the sufficiency of a complaint, courts may consider exhibits attached to an opposition to a Rule 12(b)(6) motion that are consistent with the complaint. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 528 n.8 (7th Cir. 2015) (citing *Geinosky*, 675 F.3d at 745 n.1 ("a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove.")). Thandi argues that these documents contain hearsay and therefore cannot be considered. [17] at 1–3. She cites no authority to support this argument. *See id.* Admissibility is not a concern at the

---

[2] Alma Lasers does not challenge the propriety of considering outside information when considering motions to transfer for improper venue. I consider Thandi's attached documents to the extent they are applicable to her 12(b)(3) motion. *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

4

pleading stage. *See, e.g.*, *Smith v. Turner*, No. 3:22-CV-2109-JPG, 2023 WL 143040, at *5 (S.D. Ill. Jan. 10, 2023) (collecting cases permitting hearsay at the motion to dismiss stage). Thandi's motion to strike, [17], is denied.

B.      **Failure to State a Claim**

When reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). "To survive a motion to dismiss, a plaintiff must plead 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff asserting a breach of contract claim must allege the existence of a valid and enforceable contract, substantial performance by the plaintiff, breach by the defendant, and damages caused by that breach. *Ivey v. Transunion Rental Screening Sols., Inc.*, 2022 IL 127903, ¶ 28; *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).[3]

Thandi argues that Alma Lasers has not sufficiently alleged the existence of a contract, named the correct party, nor alleged that Thandi breached the contract causing damages. [8] at 10–12.

---

[3] Thandi argues that Texas law should apply to Alma Lasers' claim on the basis that there was no contract. [8] at 2–3. Texas and Illinois law are substantially similar on the issues presented here. Under both states' laws, the outcome is the same.

5

### 1. *Existence of Contract*

Alma Lasers alleges that the parties formed a contract in November 2022 for medical equipment, marketing, warranty, and shipping in exchange for $214,000. [1] ¶¶ 1, 12. Thandi argues that the contract's formation was conditioned on bank approval, which she says she did not receive, and therefore, the parties never formed a contract. [8] at 8–10.

"A 'condition precedent' is an act that must be performed or an event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform." *Credit Union 1 v. Carrasco*, 2018 IL App (1st) 172535, ¶ 15; *see Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021). "When a contract contains an express condition precedent, strict compliance with such a condition is required, and the contract does not become enforceable or effective until the contract is performed or the contingency occurs." *Carrasco*, 2018 IL App (1st) 172535, ¶ 15; *see Irwin*, 627 S.W.3d at 270.

Whether the purchase order creates a contract between the parties depends on whether the parties' intended to make Thandi's acquisition of bank approval a condition precedent to the contract's formation. *See Cath. Charities of Archdiocese of Chi. v. Thorpe*, 318 Ill.App.3d 304, 307–08 (1st Dist. 2000); *Arbor Windsor Ct., Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131, 136 (Tex. App. 2015). The intent of the parties to create a condition precedent to the formation of a contract is a question of law when the language of the instrument is unambiguous. *Thorpe*, 318 Ill.App.3d at 308; *Chalker Energy Partners III, LLC v. Le Norman Operating LLC*, 595 S.W.3d 668,

6

673–74 (Tex. 2020) (holding intent to be bound could be decided as a matter of law when addressing a condition precedent with unambiguous language).

Typically, express language is needed to support a condition precedent to the formation of a contract. *See Thorpe*, 318 Ill.App.3d at 308; *Arbor Windsor*, 463 S.W.3d at 136–37. "If a condition goes solely to the obligation of the parties to perform, existence of such a condition does not prevent the formation of a valid contract." *Regency Com. Assocs. v. Lopax, Inc.*, 373 Ill.App.3d 270, 282 (4th Dist. 2007); *see Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 145 (Tex. App. 2012).

The language of the purchase order is unambiguous and does not express an intent by the parties to make the acquisition of funding precedent to the formation of a contract. Thandi argues that the contract was contingent on her obtaining "reasonable" financing, [8] at 5, but the purchase order simply states, "*Deposit is refundable if bank approval not obtained," [1] at 7. This language is an after-the-fact condition to performance. The language does not provide that financing is a contingency to the formation of a contract. Rather, the return of Thandi's deposit, not the agreement, is contingent. This clause is a condition precedent to a refund. Alma Lasers has adequately alleged the existence of the contract.

    2.    *Individual Liability*

Thandi argues that she is not the correct party to the contract and therefore the case should be dismissed in its entirety. [8] at 8. She contends that she was incorporated under "Amrit Thandi MD P.A." and that entity ran her practice, North Cypress Family Practice. *Id.* According to Thandi, that corporation purchased the medical equipment, not Thandi in her individual capacity. *Id.*

7

"It is well established that an agent of a disclosed principal is not individually or personally bound by the terms of the [contract] which he executes on behalf of the principal, where the agency relationship is known to the other party at the time of the contracting, unless he agrees to be personally liable." *Yellow Book Sales & Distrib. Co. v. Feldman,* 2012 IL App (1st) 120069, ¶ 38 (citing *Wottowa Ins. Agency, Inc. v. Bock,* 104 Ill.2d 311, 315 (1984) ("When an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence to the contrary intent in the document, the officer is not personally bound.")).

Alma Lasers argues that Thandi signed the contract individually as "Dr. Amrit Thandi," without indicating that she was acting in a representative capacity. [14] at 5–6 (citing [1] ¶ 13). But the purchase order does mention an agency. The "Customer/Company Name" on the contract is "North Cyprus [sic] Family Practice." [1] at 7. And Thandi signed the contract as the "Authorized Customer" with the title "MD/Owner." *Id.*

Alma Lasers presents some evidence that North Cypress Family Practice was not associated with Thandi's corporation, and therefore Thandi would be individually liable. [14] at 29. Thandi argues that North Cypress Family Practice was an assumed name of the corporation, [8] at 3, but at this stage I take Alma Lasers' allegations as true.

Ultimately, even if North Cypress Family Practice is an assumed name of Amrit Thandi MD P.A. and Thandi signed the contract in her official capacity, Alma Lasers also attaches a document showing that Amrit Thandi MD P.A. lost its

8

corporate privileges before the contract's execution. [14] at 16 (Forfeiture pursuant to Section 171.309 of the Texas Tax Code of Amrit Thandi MD P.A.). According to this document, Amrit Thandi MD P.A. forfeited its charter and certification of registration in October 2022. *Id*. When a corporation forfeits its corporate privileges, an officer who enters contracts on behalf of the corporation after dissolution may be held personally liable under those contracts. Tex. Tax Code § 171.255(a); *see also* 805 ILCS 5/3.20 ("All persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.").

Thandi presents a State of Texas "Certificate of Formation Professional Limited Liability Company" dated November 17, 2022. [8-5]. But she does not explain how this fixes her corporation's forfeited status, especially since she filed this certificate after signing the contract. S*ee* [8] at 8.

While further discovery may reveal that Thandi is not the correct party, for now Alma Lasers has adequately alleged that Thandi is liable in her individual capacity. Dismissal on this ground would be inappropriate.

    3.  *Substantial Performance, Breach, and Damages*

Alma Lasers adequately alleges the other elements of breach of contract. It substantially performed when it shipped and delivered the ordered equipment in December 2022. [1] ¶¶ 23–24, 30. Thandi argues that Alma Lasers invoiced her and delivered medical equipment, a Soprano Titanium System, that she did not agree to buy in the purchase order. [8] at 8–9, 11–12. But looking at the document itself, under "Order Notes" it states, "Includes Soprano Titanium on other page." [1] at 7.

9

Thandi then retained and used the equipment but failed to pay the balance owed. [1] ¶¶ 25–26, 31–33. Thandi argues that she is released from her duty to pay the balance owed because the order was contingent on bank approval of the loan, which according to her, she never received. [8] at 5, 8. But Alma Lasers attaches two emails it received from financers stating that Thandi's equipment financing was approved in November and December 2022. [14] at 17–18; 23–25. At this stage, this is enough to plausibly allege that Thandi had an obligation under the contract to pay the remaining invoices. Thandi's failure to pay the outstanding balance of $210,255.01 plus interest damaged Alma Lasers. [1] ¶¶ 19, 26–27, 34.

Alma Lasers has adequately alleged a plausible breach of contract claim. Thandi's motion to dismiss for failure to state a claim is denied.

### C.    Improper Venue

Thandi also moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). [8] at 15–16. The question of whether venue is improper is typically governed by 28 U.S.C. § 1391, the general venue statute. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). If venue is proper under § 1391, a case may not be dismissed under Rule 12(b)(3). *Id.* at 56. When deciding a 12(b)(3) motion to dismiss, the allegations in the plaintiff's complaint are accepted as true, unless those allegations are contradicted by evidence submitted by the defendant. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

The parties' agreement contained an enforceable forum-selection clause,[4] limiting proper venue to state and federal courts in Chicago. *See* [1] at 9. Thandi argues that a contractual forum-selection clause has no bearing on whether a venue is proper. [8] at 15. But she misunderstands the law. A forum-selection clause does not make all other venues inherently "improper." *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) (quoting *Atl. Marine*, 571 U.S. at 59) (explaining that "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3)."). But a forum-selection clause does inform whether the forum-selected is a proper venue. Indeed, forum-selection clauses generally constitute implied waivers of objections to both personal jurisdiction and venue in the selected forum. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 610 (7th Cir. 2006). The clause here included an explicit waiver of Thandi's "right to contest the jurisdiction and venue of said courts located in Chicago, Illinois." [1] at 9; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting personal jurisdiction is a waivable right and holding enforcement of forum-selection provisions does not offend due process when such express contractual waivers "have been obtained through 'freely negotiated' agreements and are not

---

[4] None of Thandi's proffered evidence rebuts that the condition of bank financing was precedent to performance, not formation. Thus, the forum-selection clause is presumptively valid and enforceable. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Thandi presents no argument or facts that overcomes this presumption. *See* [8] at 16–17; *Jackson*, 764 F.3d at 776 (holding forum-selection clauses are unreasonable only when they were incorporated into the contract through fraud, the selected forum effectively deprives the party of its day in court, or enforcement contravenes a strong public policy).

11

'unreasonable and unjust.'"). The Northern District of Illinois is a proper venue. Thandi's 12(b)(3) motion to dismiss is denied.

### D. Venue Transfer

Thandi moves in the alternative to transfer the case to the Southern District of Texas under 28 U.S.C. § 1404(a), which authorizes a district court to transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." [8] at 12–15.

In deciding a § 1404(a) transfer motion, courts typically "must evaluate both the convenience of the parties and various public-interest considerations," and decide "whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." *Atl. Marine*, 571 U.S. at 62–63 (quotations omitted). When the transfer motion is based on a valid forum-selection clause between the parties, the analysis changes: the plaintiff's choice of forum holds no weight, the parties' private interests are immaterial, and the proposed court's familiarity with the law that must govern the action is no longer relevant since those rules would not follow the transferred case. *Id.* at 63–65. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

Thandi's arguments are focused on this forum's inconvenience to her and her witnesses. [8] at 14–15; [17] at 4–5. She also briefly argues that she has a claim against Alma Lasers' manager and that he is a necessary party to the lawsuit, but he

12

cannot be joined in this forum for lack of jurisdiction. [17] at 5. But "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine,* 571 U.S. at 64. Thandi presents no public-interest considerations or extraordinary circumstances that would warrant transfer away from the parties' preselected forum. Her motion for § 1404(a) transfer is denied.

### III. Conclusion

Alma Lasers' motion to strike, [13], is granted in part, denied in part. Thandi's motions to dismiss, to transfer venue, to strike, and request for attorney's fees are denied. [8]; [17].

ENTER:

                                                        Manish S. Shah
                                                        United States District Judge

Date: July 25, 2024